**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

| | |
|---|---|
| **JANET AVILES,** | |
| Plaintiff, | |
| vs. | **Case No.: 2:16-cv-00058-AWA-RJK** |
| **BAE SYSTEMS NORFOLK SHIP REPAIR, INC.** and **BAE SYSTEMS SHIP REPAIR, INC.** | |
| Defendants. | |

**STATUS REPORT AND RECOMMENDATION**

This Status Report and Recommendation is filed on behalf of plaintiff.  Counsel for Defendants have reviewed and consent to the filing.

For the reasons explained below, plaintiff asks the Court to vacate the Order of April 24 dismissing the instant action with prejudice, and allow plaintiff to file a proposed dismissal with prejudice, within three days of the date on which the Department of Labor Office of Workers Compensation programs ("DOL OWCP"), enters an order approving a settlement of certain of plaintiff's Longshore Act claims. An alternative, which would obviate vacatur of the April 24 Order, would be for the parties to join in a motion to vacate, should DOL OWCP deny approval. If the Court prefers the parties follow this route, plaintiff respectfully requests that the Court provide such guidance.

On February 20, 2018, Ms. Howard emailed Counsel that "Judge Allen has approved allowing the parties in this matter to have up to sixty days to file their Proposed Dismissal Order." Counsel for plaintiff responded "When will the 60 days run from?" Ms. Howard responded that "Judge Allen requests that counsel file either a Proposed Dismissal Order or a

Joint Status Report that proposes an alternative resolution no later than April 30, 2018."

Counsel understood that instruction set a new deadline of April 30, which superceded the prior instruction. That understanding was called into question when on April 24, the Court "Ordered that this case . . . is dismissed agreed with prejudice." If Counsel misunderstood the Court's instructions, we apologize.

The Settlement Agreement has been fully executed, however, the April 24 Order would only permit enforcement of the Settlement Agreement, whereas the parties intended the Settlement Agreement to become null and void, should events beyond their control prevent plaintiff from receiving certain consideration.

The Settlement Agreement provides for dismissal with prejudice of the instant suit three days following entry of orders (i) by the Virginia Workers Compensation Commission approving plaintiff's Workers Compensation settlement, and (ii) by the DOL OWCP approving plaintiff's settlement of her Longshore Act claims. The reason the Settlement Agreement is structured in this manner is that the payments in consideration of plaintiff's settlement of her Virginia Workers Compensation Act and Longshore Act claims are an integral part of the consideration for settlement of the instant suit, and whether the Commission and the DOL OWCP approve the settlements is not within the parties' control.

On April 23, the Virginia Workers Compensation Commission entered an order approving the workers compensation settlement. Plaintiff's workers compensation counsel expects that the DOL OWCP will enter an order approving settlement of her Longshore Act claims shortly, however, as discussed, that is beyond the parties' control.

The Settlement Agreement further provides that it shall be null and void should the Commission and/or the DOL OWCP refuse to approve the settlements, and requires the parties to

restore the *status quo ante*, in that event.

In conclusion, plaintiff believes that DOL OWCP approval will be forthcoming shortly, but because that event is not within the parties' control, asks that the Court vacate the April 24, 2018 order [ECF No. 91].  Plaintiff will alert the Court the moment the approval has come through so that the order can be re-issued.

If the Court has any questions, the parties are happy to make themselves available to the Court.


Dated:  April 30, 2018
Mamaroneck, NY 10543

Respectfully Submitted,

By:   */s/James H. Shoemaker, Jr*
James H. Shoemaker, Jr.
Virginia State Bar No. 33148
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Tel (757) 223-4500
Fax (757) 223-4518
jshoemaker@phwd.com
*Local Counsel for Plaintiffs*

By:   */s/ Joshua Friedman*
Joshua Friedman
Friedman & Houlding LLP
1050 Seven Oaks Lane
Mamaroneck, NY 10549
Tel (212) 308-4338 x 5
Fax (866) 731-5553
josh@friedmanhoudingllp.com
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2017,  I will electronically file the foregoing Report and Recommendation, with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: */s/James H. Shoemaker, Jr*
James H. Shoemaker, Jr.
Virginia State Bar No. 33148
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4500
Fax: (757) 223-4518
jshoemaker@phwd.com

*Local Counsel for Plaintiffs*

4